UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**YATES RANCH PROPERTY LLP,**
a New Mexico limited liability partnership;
**JAY Land Ltd. Co.,** a New Mexico
limited liability company,

    **PLAINTIFFS,**

    v.   No. _____

**VILLAGE OF WAGON MOUND,
NEW MEXICO; ANDRES MARTINEZ,
MAYOR, VILLAGE OF WAGON MOUND,**
in his official capacity; **VILLAGE OF
WAGON MOUND COUNCIL; ELDIE R. CRUZ,
COUNCILOR,** in his official capacity;
**ADRIAN A. CLOUTHIER, COUNCILOR,**
in his official capacity; **PAUL A. MIERA,
COUNCILOR,** in his official capacity;
**CLAUDIA M. MARTINEZ, COUNCILOR,**
in her official capacity,

    **DEFENDANTS.**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND FOR INVERSE CONDEMNATION**

Yates Ranch Property LLP and JAY Land Ltd. Co., by and through their counsel, Modrall Sperling Roehl Harris & Sisk, P.A. (Maria O'Brien, Sarah M. Stevenson, and Jamie L. Allen), state as follows:

**Introductory Allegations**

1.    On March 14, 2023, the Village of Wagon Mound, acting under color of state law, adopted Ordinance No. 2023-01, which is entitled, "An Ordinance Exercising the Village of Wagon Mound's Jurisdiction to Protect the Municipal Water Supply, Santa Clara Spring, and the Village's Water Facilities" ("Ordinance"). A true and correct copy of the Ordinance is attached

hereto as **Exhibit A**. As detailed below, the Ordinance violates Plaintiffs' rights under the United States and New Mexico Constitutions. Of particular relevance to this action, the Ordinance divests Plaintiffs of their property interest by purporting to prevent any use of Plaintiffs' surface and/or mineral estates.

2.      Plaintiffs bring this action to prevent any further injury to their constitutionally protected rights. Through this action, Plaintiffs seek a declaration that the Ordinance is unconstitutional and is thus invalid, and that the Ordinance is not authorized by the laws of the State of New Mexico and is thus invalid. Plaintiffs further seek an order enjoining enforcement of the Ordinance. Alternatively, Plaintiffs seek a finding that the Ordinance affects an inverse condemnation and/or taking of Plaintiffs' property, and an award of just compensation for the inverse condemnation and/or taking of their property.

## The Parties

3.      Plaintiff Yates Ranch Property, LLP ("Yates") is a New Mexico limited liability partnership.

4.      Plaintiff JAY Land Ltd. Co. ("JAY Land", and, together with Yates, "Plaintiffs") is a New Mexico limited liability company.

5.      Together, Plaintiffs own the Ojo Feliz Ranch located in Mora County, New Mexico ("Ojo Feliz Ranch" or "Ranch").

6.      Defendant Village of Wagon Mound ("Village") is a municipality of the State of New Mexico.

7.      Defendant Andres Martinez is the Mayor of the Village of Wagon Mound.

8.      Defendant Village of Wagon Mound Council ("Village Council"), with the Mayor, is the governing body of the Village of Wagon Mound, New Mexico.

9. Defendant Eldie R. Cruz is a Village Councilor and a citizen of the State of New Mexico.

10. Defendant Adrian A. Clouthier is a Village Councilor and a citizen of the State of New Mexico.

11. Defendant Paul A. Miera is a Village Councilor and a citizen of the State of New Mexico.

12. Defendant Claudia M. Martinez is a Village Councilor and a citizen of the State of New Mexico.[1]

## Jurisdiction and Venue

13. This Complaint asserts claims arising under the Constitution and laws of the United States, including the Fifth and Fourteenth Amendments to the United States Constitution.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

16. The Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1343(a)(3) and (4) because Plaintiffs seek redress under 42 U.S.C. § 1983 for the deprivation, under color of state law, of Plaintiffs' constitutional rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

17. The Court has personal jurisdiction over the parties.

---

[1] All defendants are referred to collectively as "Defendants."

**Background**

18. Plaintiffs own the surface property of Ojo Feliz Ranch and portions of the mineral estate underlying the Ranch. Plaintiffs also own water rights associated with the Ranch for livestock and wildlife watering, irrigation, and domestic uses.

19. The Ojo Feliz Ranch is a working cattle ranch with the capacity for 1,500 animal units of cattle. Numerous herds of elk and antelope roam the Ojo Feliz Ranch.

20. Plaintiffs have entered into royalty and access agreements to allow third parties to remove gravel and other hard minerals from the mineral estate owned by Plaintiffs at a specific location on Ojo Feliz Ranch. Companies who have leased the Ranch's mineral estate include Lafarge North America in approximately 2000, and Fisher Sand & Gravel New Mexico, Inc. ("Fisher") in 2022-2023. Lafarge and Fisher removed minerals from the same quarry location on the Ranch.

21. Fisher's operations included blasting, crushing, and removal of gravel by truck. Fisher's blasting operations were completed in 2022, and its crushing operations were completed in early April 2023.

22. Fisher obtained all necessary permits to conduct its operations on Ojo Feliz Ranch.

23. Plaintiffs are in negotiations with a transmission company to locate infrastructure for a new transmission line that is planned to traverse New Mexico. Installation of the proposed infrastructure may require blasting and/or drilling and/or digging on Ojo Feliz Ranch.

24. The Village obtains its municipal water from the Santa Clara Spring.

25. The Santa Clara Spring is located east of Ojo Feliz Ranch. It is not within the boundary of the Ranch.

26. Multiple hand dug and drilled wells are located throughout Ojo Feliz Ranch. One well is located approximately 2,200 feet from the Santa Clara Spring.

27. Ranches of other ownership near the Santa Clara Spring allow removal of gravel and other hard minerals by third parties.

28. On June 28, 2022, the Village adopted a resolution entitled "A Resolution in Support of Protecting the Santa Clara Spring and the Future of the Village's Source Water" (Village of Wagon Mound Resolution No. 2022-06) ("Resolution"). The Resolution states, "The Village of Wagon Mound Governing Body establishes an objective to continue protecting the Santa Clara Springs from all possible sources of pollution, contamination, and decreases in productivity; and under the present circumstances, the Village of Wagon Mound opposes any and all gravel mining operations within the statutory jurisdiction to protect the Santa Clara Springs."

29. Upon information and belief, in February 2023, Defendants considered a draft of the Ordinance. The draft of the Ordinance described a protected area of five miles to the northwest and one and one quarter (1¼) miles to the southwest and one and one quarter (1¼) miles to the northeast.

30. At the February 2023 Village Council meeting, a member of the community objected to the size of the protected area because it could prevent the drilling of water wells for livestock purposes to the northeast of the Santa Clara Spring. Another member of the community expressed concerns that the proposed ordinance would prohibit cattle ranching operations.

31. On March 14, 2023, the Village adopted Ordinance No. 2023-01.

32. The Ordinance purports to be an exercise of authority under NMSA 1978, § 3-27-3(A), which states, "For the purpose of acquiring, maintaining, contracting for, condemning or protecting its water facilities and water from pollution, the jurisdiction of the municipality extends

within and without its boundary to: (1) all territory occupied by the water facilities; (2) all reservoirs, streams and other sources supplying the reservoirs and streams; and (3) five miles above the point from which the water is taken."

33. The Ordinance states its purpose is to take "protective measures to ensure the health and productivity of the municipal water source, the Santa Clara Spring, and to safeguard these waters from potential sources of contamination, water pollution, and/or disruption of the fractures in the bedrock through which the groundwater flows, or any activity negatively impacting discharge." Ordinance § 1.

34. The Ordinance states that "more recent studies and analysis have determined the zone where aquifer recharge occurs is primarily northwest of the Spring with groundwater flowing through a fractured basalt layer atop gray shales of the lower Niobrara Group." Ordinance § 4.A.

35. The Ordinance describes a "Protected Area" that encompasses "all components of the Municipal Water System including the Santa Clara Spring; the transmission line from the Spring to the Village; the vaults, the chlorination equipment, and storage tank; distribution and service lines; and meters, meter loops, and meter cans." Ordinance § 5.B.

36. The Protected Area also includes "five miles above the Spring located approximately two miles northwest of the Village of Wagon Mound. This five mile area shall extend out from the Spring one and one quarter (1¼) miles to the southwest and a half-mile (1/2) to the northeast." Ordinance § 5.C.

37. The Ordinance states enforcement of the Ordinance is "by prosecution in the municipal court" with a maximum penalty of $500.00 or no more than 90 days imprisonment, or both. Ordinance § 6.

38. The Ordinance does not describe the activities that violate the Ordinance.

39. The Ordinance does not contain a legal description of the Protected Area, and the drawing attached to the Ordinance is not an accurate depiction of the Protected Area described in the Ordinance.

40. The Ordinance differed from the draft ordinance in that the size of the Protected Area was smaller to the northeast of the Santa Clara Spring, and states that the Ordinance is not intended to limit cattle ranching operations.

41. The Protected Area appears to include approximately 4,200 acres of the Ojo Feliz Ranch.

42. The Protected Area includes the area of Ojo Feliz Ranch where Fisher and Lafarge have removed gravel, and where Plaintiffs want to allow mineral removal in the future.

43. The Protected Area includes portions of the Ranch that are future locations for water well(s), a transmission tower(s), a quarry site, or other projects or infrastructure that may or may not be impacted by the Ordinance.

44. On March 23, 2023, counsel for the Village sent a letter to Fisher and Yates enclosing a copy of the Ordinance. The letter ordered Fisher to "cease and desist from engaging in unauthorized activities in the Protected Zone as defined by the Ordinance." The letter stated, "the Ordinance prohibits activity that may contaminate and/or disrupt the fractures of the bedrock from which the groundwater flows in the Protected Area." The letter did not describe the specific activities that violate the Ordinance.

## COUNT I: DUE PROCESS - VOID FOR VAGUENESS

45. Plaintiffs incorporate the allegations of paragraphs 1 through 44.

46. The Ordinance is void for vagueness under the Fifth Amendment of the United States Constitution and Article 2, Section 18 of the New Mexico Constitution.

47. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits a State from "depriv[ing] any person of life, liberty, or property, without due process of law."

48. Article 2, Section 18 of the New Mexico Constitution provides, "No person shall be deprived of life, liberty or property without due process of law . . . ."

49. The Ordinance does not describe or set forth the activities that would violate the Ordinance or subject a property owner to penalty under the Ordinance.

50. The Ordinance does not provide adequate notice of the precise boundaries of the Protected Area.

51. The Ordinance does not provide potential actors adequate notice of the activities which the Ordinance proscribes and subjects an actor to criminal sanctions, nor the boundaries of the Protected Area.

52. The Ordinance encourages subjective application.

53. The Ordinance violates Plaintiffs' due process rights under the United States and New Mexico Constitutions.

54. Plaintiffs are entitled to a declaration that the Ordinance is unconstitutionally vague and thus unenforceable.

## COUNT II: DUE PROCESS VIOLATION

55. Plaintiffs incorporate the allegations of paragraphs 1 through 54.

56. The Ordinance violates the due process clauses of the Fourteenth Amendment to the United States Constitution and Article 2, Section 18 of the New Mexico Constitution.

57. Plaintiffs have property interests in their ownership of the surface and mineral estates of Ojo Feliz Ranch that are protected by the due process clauses of the New Mexico Constitution and the United States Constitution.

58. The background of the Ordinance indicates Defendants' goal is to prevent Plaintiffs from granting future access agreements and mineral leases to third parties for the purpose of removing gravel and other hard minerals, drilling water wells or other drilling or excavation into the subsurface, or other lawful uses of Plaintiffs' property within the Protected Area.

59. The Ordinance specifically targets and attempts to prohibit activities on Plaintiff's surface and mineral estate without having allowed Plaintiffs an opportunity for hearing prior to adoption of the Ordinance.

60. The draft ordinance was amended to decrease the size of the Protected Area to the northeast based on a concern about drilling water wells, but was not similarly decreased to the southwest, on Ojo Feliz Ranch.

61. Defendants have insufficient scientific evidence to support the size of the Protected Area.

62. The insufficient scientific evidence Defendants relied on to define the Protected Area was paid for, at least in part, by a property owner with a quarry area outside of the Protected Area.

63. The Ordinance does not provide a process by which Plaintiffs may seek a permit to conduct a specific activity within the Protected Area, or challenge a determination under the Ordinance.

64. By prohibiting Plaintiffs from using their property, Defendants, through their adoption of the Ordinance, have deprived Plaintiffs of their property interests without due process.

65. Plaintiffs are entitled to a declaration that the Ordinance violates their due process rights under the United States and New Mexico Constitutions and is thus unenforceable.

## COUNT III: ULTRA VIRES LEGISLATION

66. Plaintiffs incorporate the allegations of paragraphs 1 through 65.

67. NMSA 1978, § 3-27-3(A) authorizes municipalities to extend their jurisdiction "[f]or the purpose of acquiring, maintaining, contracting for, condemning or protecting its water facilities and water from pollution . . . ."

68. The Ordinance seeks to expand the authority granted by Section 3-27-3(A). The statute grants the Village the authority to "protect[] its water facilities and water from pollution." The Ordinance, however, states a purpose "to ensure the health and productivity of the municipal water source, the Santa Clara Spring, and to safeguard these waters from potential sources of contamination, water pollution, *and/or disruption of the fractures in the bedrock through which the groundwater flows, or any activity negatively impacting discharge*." Ordinance § 1 (emphasis added).

69. Section 3-27-3(A) authorizes the Village to protect its water facilities from pollution. It does not authorize the Village to prohibit activities that may disrupt fractures in the bedrock or affect quantity of water, without any connection to pollution.

70. Section 3-27-3(A) authorizes the Village to extend its jurisdiction "within and without its boundary to: (1) all territory occupied by the water facilities; (2) all reservoirs, streams and other sources supplying the reservoirs and streams; and (3) five miles above the point from which the water is taken." *Id.*

71. The Ordinance defines the Protected Area in a manner that is not reasonably related to the Village's authority under Section 3-27-3(A).

72. The Ordinance describes a Protected Area that is not based on sufficient scientific evidence or otherwise sufficiently supported.

73. Defendants do not have any evidence that use of the surface or mineral estate by Plaintiffs will pollute the Santa Clara Spring or the groundwater feeding the Santa Clara Spring.

74. Defendants acted outside of their authority in promulgating the Ordinance.

75. Plaintiffs are entitled to a declaration that the Ordinance is ultra vires legislation exceeding the authority granted by Section 3-27-3(A).

## COUNT IV: EX POST FACTO LAW

76. Plaintiffs incorporate the allegations of paragraphs 1 through 75.

77. Article I, Section 10 of the United States Constitution and Article II, Section 19 of the New Mexico Constitution prohibit ex post facto laws.

78. The Ordinance is an ex post facto law as it seeks to prohibit a lawful activity on Plaintiffs' property that has occurred since approximately 2000, namely removal of gravel and other hard minerals, and since the early 1900s, the drilling of water wells.

79. Plaintiffs have vested rights to remove and license their mineral rights and drill water wells within the purported Protected Area.

80. Plaintiffs are entitled to a declaration that the Ordinance is an unconstitutional ex post facto law.

## COUNT V: ORDINANCE PREEMPTED BY STATE LAW

81. Plaintiffs incorporate the allegations of paragraphs 1 through 80.

82. Surface mining is regulated by the Minerals and Mining Division of the New Mexico Energy, Minerals, and Naturals Resource Department pursuant to the New Mexico Mining Act and the New Mexico Environment Department Air Quality Bureau and/or Ground Water

Quality Bureau pursuant to their delegated authority to regulate air emissions and groundwater discharges, respectively.

83. The New Mexico Office of the State Engineer regulates the drilling of new groundwater wells pursuant to the New Mexico Water Code.

84. Section 3-27-3 does not authorize the Village to extend its jurisdiction in a manner inconsistent with State law, and prohibit mining or the drilling of new water wells.

85. The Village may not prohibit activities that are authorized and regulated by the State.

86. Plaintiffs are entitled to a declaration the Ordinance is preempted by State law.

**COUNT VI: DEPRIVATION OF CONSTITUTIONAL RIGHTS – 42 U.S.C. § 1983**

87. Plaintiffs incorporate the allegations of paragraphs 1 through 86.

88. On March 14, 2023, the Village of Wagon Mound, acting under color of state law, adopted Ordinance No. 2023-01.

89. The Ordinance purports to be an exercise of authority under NMSA 1978, § 3-27-3(A).

90. The Ordinance violates Plaintiffs' due process rights under the Fourteenth Amendment of the United States Constitution.

91. The Ordinance is void for vagueness under the Fifth Amendment of the United States Constitution.

92. The Ordinance violates Article I, Section 10 of the United States Constitution because it is an ex post facto law as it seeks to prohibit a lawful activity on Plaintiffs' property that has occurred since approximately 2000, namely removal of gravel and other hard minerals.

93. The deprivation of Plaintiffs' Constitutional rights as asserted herein was proximately caused by Defendants' adoption of the Ordinance, acting under color of state law.

### COUNT VII: INJUNCTIVE RELIEF

94. Plaintiffs incorporate the allegations of paragraphs 1 through 93.

95. Plaintiffs will suffer an irreparable injury, for which there is no adequate remedy at law, if the Ordinance is applied to prevent Plaintiffs from using or leasing their mineral rights within the area the Ordinance purports to protect, drilling water wells, or any other activity that may involve drilling and/or blasting, including but not limited to construction of infrastructure for a transmission line.

96. The public interest favors property owners' free and lawful use of their private property.

97. Defendants will not be harmed if the Ordinance is invalidated because there is no evidence that Plaintiffs' lawful use of their surface property or mineral estate has in the past or will in the future harm the Santa Clara Spring.

98. Plaintiffs have a likelihood of success on the merits of their claims as required to be shown for preliminary injunctive relief.

99. No bond or security is required for preliminary injunctive relief because there is no evidence that Plaintiffs' use of their surface property or mineral estate during the pendency of this lawsuit will harm the Santa Clara Spring.

100. Plaintiffs request the Court grant preliminary and permanent injunctive relief prohibiting Defendants from enforcing the Ordinance.

### COUNT VIII: INVERSE CONDEMNATION

101. Plaintiffs incorporate the allegations of paragraphs 1 through 100.

102. In the alternative, Plaintiffs assert a claim of inverse condemnation under Article II, Section 20 of the New Mexico Constitution and NMSA 1978, § 42A-1-29, for the value of their real property, including the surface, mineral rights, and water rights, taken by the adoption of the Ordinance.

103. In the alternative, Plaintiffs assert a claim of inverse condemnation under the Fifth Amendment to the United States Constitution, which provides that "private property [shall not] be taken for public use without just compensation," a prohibition that applies to the State via the Fourteenth Amendment.

104. The description of the protected area in the Ordinance includes approximately 4,200 acres of Plaintiff's Ojo Feliz Ranch.

105. The Ordinance purports to prohibit activities—although the activities are not described—within the protected area.

106. The background of the Ordinance indicates Defendants' goal is to prevent Plaintiffs from granting future access agreements and mineral leases to third parties for the purpose of removing gravel and other hard minerals, drilling water wells or other drilling or excavation into the subsurface, or other lawful uses of Plaintiffs' property.

107. The Ordinance is a deliberate regulatory taking of Plaintiffs' property for the public purpose of protecting the Santa Clara Spring.

108. The Village has not paid Plaintiffs just compensation for the taking of their property.

109. Plaintiffs are entitled to an award of just compensation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Yates Ranch Property LLP and JAY Land Ltd. Co. request the following relief and judgment be entered against Defendants, or any of them, as follows:

A. Declaration that the Ordinance is not authorized by the laws of the State of New Mexico and is thus invalid;

B. Declaration that the Ordinance is unconstitutional under the United States and New Mexico Constitutions and is thus invalid;

C. An order enjoining enforcement of the Ordinance;

D. In the alternative, a finding that the Ordinance affects an inverse condemnation and/or a taking of Plaintiffs' property and an order that just compensation be paid in an amount to be proven at trial;

E. For pre- and post-judgment interest;

F. For attorneys' fees and costs, including pursuant to NMSA 1978, § 42A-1-25; and

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

MODRALL SPERLING ROEHL HARRIS
    & SISK, P.A.

By: */s/ Sarah Stevenson*
    Maria O'Brien
    Sarah M. Stevenson
    Jamie L. Allen
    P.O. Box 2168
    Albuquerque, New Mexico 87103-2168
    Telephone: (505) 848-1800
    Fax: (505) 848-9710
    mobrien@modrall.com
    sarah.stevenson@modrall.com
    jamie.allen@modrall.com
    *Attorneys for Yates Ranch Property LLP and JAY Land Ltd. Co.*